http://www.va.gov/vetapp16/Files5/1641960.txt

Citation Nr: 1641960 
Decision Date: 10/31/16 Archive Date: 11/08/16

DOCKET NO. 14-40 742 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Louisville, Kentucky

THE ISSUE

Entitlement to service connection for a back disability.

REPRESENTATION

Appellant represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

L. Willis, Associate Counsel 

INTRODUCTION

The Veteran served on active duty in the Army from April 1961 to April 1964. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2014 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Louisville, Kentucky. 

In January 2016, the Board remanded the matters of entitlement to service connection for a back disability and tinnitus for further development. In a July 2016 rating decision, the Appeals Management Center (AMC) granted service connection for tinnitus. This represents a full grant of the benefits sought. Thus, that claim is no longer before the Board. The Board is also satisfied there was substantial compliance with its remand orders regarding the claim for entitlement to service connection for a back disability. See Stegall v. West, 11 Vet. App. 268 (1998); Dymant v. West, 13 Vet. App. 141 (1999).

This appeal was processed using the VBMS paperless claims processing system. Accordingly, any future consideration of this appellant's case should take into consideration the existence of this electronic record.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

FINDING OF FACT

A back disability was not manifest in service nor was it demonstrated within the one year following separation from service, nor has it been shown to be related to service. 

CONCLUSION OF LAW

A back disability was not incurred in or aggravated by service, is not attributable to service, and may not be presumed to have been incurred in service. 38 U.S.C.A. §§ 1110, 1112, 1113, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.159, 3.303, 3.307, 3.309 (2015).

REASONS AND BASES FOR FINDING AND CONCLUSION

I. Veterans Claims Assistance Act of 2000 (VCAA)

Under the VCAA, upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and his representative, if any, of any information, and any medical or lay evidence, that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). Proper notice from VA must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; (3) that the claimant is expected to provide; and (4) VA must ask the claimant to provide any evidence in her or his possession that pertains to the claim in accordance with 38 C.F.R. § 3.159(b)(1). This notice must be provided prior to an initial unfavorable decision on a claim by the agency of original jurisdiction (AOJ). Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004).

Here, the Board finds that the VA has satisfied its duties under the VCAA. Specifically, a letter was sent to the Veteran in January 2014 which detailed the claims process and advised the Veteran of the evidence and information needed to substantiate his claim. The letter further informed the Veteran of his obligations to provide necessary information to assist in his claim and the VA's obligations to obtain such evidence and information that is deemed to be in the VA's possession or that the VA has permission to obtain. The Veteran was also informed of VA's practices in assigning disability evaluations and effective dates for those evaluations. 
In regard to the duty to assist, the Veteran was afforded VA examinations in April 2014 and April 2016. The April 2014 examiner did not adequately consider the Veteran's lay statements and the record. Therefore, the Board remanded the matter for another examination in April 2016. The April 2016 examiner reviewed the case file, examined the Veteran and considered his statements prior to rendering an opinion. The examiner provided a rationale for the opinion offered. Therefore, the Board finds that the April 2016 examination was adequate for adjudication purposes. Further, the Veteran's service treatment records and private treatment records have been obtained and considered. Neither the Veteran nor his representative has identified any outstanding records that have not been obtained. Thus, the Board concludes that VA has made every reasonable effort to obtain all records relevant to the Veteran's claim. 

Accordingly, the Board finds that there is no further action to be undertaken to comply with the provisions of 38 U.S.C.A. § 5103(a), § 5103A, or 38 C.F.R. § 3.159 and that the Veteran will not be prejudiced as a result of the Board's adjudication of his claim.

II. Service Connection

The Veteran contends that he is entitled to service connection for a back disability due to an in-service motor vehicle accident where he jumped out of his truck prior to it going over a hill. See April 2014 VA examination report. 

In order to obtain service connection under 38 U.S.C.A. §§ 1110, 1131 (West 2014) and 38 C.F.R. § 3.303(a) (2015) a Veteran must satisfy a three element test: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service - the so- called 'nexus' requirement. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004); Walker v. Shinseki, 708 F.3d 1331, 1333 (Fed. Cir. 2013). 

Also, in the case of any veteran who served for ninety (90) days or more during a period of war - a chronic disease becoming manifest to a degree of ten (10) percent or more within one (1) year from the date of separation from such service shall be considered to have been incurred in or aggravated by such service, notwithstanding there is no record evidence of such disease during the period of service. Arthritis is listed as a chronic disease. 38 U.S.C.A. § 1112(a)(1) (West 2014).

Here, there is evidence of a current disability. An April 2014 VA examination report indicates that the Veteran has a diagnosis of degenerative arthritis of the spine and an April 2014 private treatment record indicates a diagnosis of spondylolisthesis at L5. 

Next, there is evidence of an in-service injury. Specifically, the Veteran stated that he injured his back after a motor vehicle accident. Although a motor vehicle accident is not documented in the service treatment records, there is evidence that the Veteran was treated for back pain following playing softball the day before in 1962 and back and knee pain accompanied by a sore throat in 1963 and 1964. 

Having found that the Veteran has a current disability and suffered an in-service injury, the question turns to whether the two are related. Here, the Board finds that the evidence shows that the Veteran's current back disability is not related to his in-service injury. 

A letter from Dr. B.T. of the Tinius Chiropractic Center (Tinius Center) states that he has treated the Veteran for spondylolisthesis at L5 from April 2007 to August 2007. Private treatment notes from the Tinius Center were included. No etiological opinion was provided. 

VA treatment records indicate complaints and treatment for back pain beginning many years after separation from service. 

The Veteran was afforded a VA examination in April 2016 where the examiner opined that the Veteran's back disability was less likely than not incurred in or caused by service. The examiner reasoned,

Although the Veteran claims he was injured from a Jeep rollover while in service, there is no documentation while in service that this injury became a chronic condition that was worked up, diagnosed [and ] specifically treated. Nor is there evidence that this incident caused a disability or arthritis manifested while in service or 1 year afterwards. After he left service, the Veteran said he drove a shuttle bus, "hauled steel," worked in shipping in an aluminum mill where he "walked a lot," worked at a bowling alley, filling station [and] car wash [and] maintenance at a religious camp. Thirty-nine years after service, documents show he had spondylisthesis in 2007 when he saw a chiropractor for adjustments for his back. Notations show his back "continued to improve." His only back x-rays found in all his records are from 2013, showing spondylolysis, a stress fracture of the posterior spine at the pars interarticularis. This can be a genetic defect, or can occur from overuse. The spondylolisthesis is noted, with mild degenerative arthritis [and] degenerative disc disease. The Veteran had no diagnosis of evaluation of his back while in service. His episodes of back pain were acute [and] transitory, with a normal separation exam. No more documentation is found showing that this became a chronic disabling condition either during service or shortly afterwards. Without a diagnosis or evidence of record for a chronic back disability during service and without 39 years of post-military evidence of record for continuing back condition, there is no competent evidence for establishing direct service connection for a back disability or arthritis related to service. More than likely the Veteran's current back condition is the result of aging, with wear [and] tear over time, weight gain plus his many years of physical labor. 

The Board finds the April 2016 examination report to be highly probative in value. In that regard, the examiner reviewed the Veteran's service treatment records, considered the Veteran's statements and provided an opinion supported by a thorough rationale. The examiner found that the Veteran's many years of physically laborious work and aging was the most likely cause of his current back disability. The examiner concluded that the Veteran's back disability was not related to service. 

The Board attaches no probative value to the Veteran's private chiropractor, Dr. B.T.'s letter, which did not offer any nexus opinion and only indicated that the Veteran was treated for a short period of time many years after service. 

The Board acknowledges the Veteran's firm belief that his current back disability is related to service. However, there is nothing in the record which reflects that the Veteran received any special training or acquired any medical expertise in evaluating and determining causal connections for his back disorder. The Board is not categorically dismissing the Veteran's statements. Rather, the Board finds the statements have less probative value than the VA examiner who has medical experience and training and who relied on sound medical principles in her opinion and reasoning.

The Board also notes that there is lack of continuity of symptoms since service. In that regard, the Veteran did not report any back problems at separation and maintained several physically laborious jobs post-service. The Veteran reported at the April 2014 examination that over the years his back bothered him over the years, despite his physically laborious jobs. However, it is reasonable to conclude that that Veteran would not have been able to continue for many years in physically laborious positions if his back pain had consistently been present since service. 

In sum, while the record shows that the Veteran had back complaints in service, and has had back complaints many years post service, the preponderance of the evidence is against a finding that the current back disability is related to the back complaints noted in service or to any injury therein.

As the preponderance of the evidence is against the claim for service connection for a back disability, the benefit-of-the-doubt rule does not apply, and this claim must be denied. See 38 U.S.C.A. § 5107(b) (West 2015); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

ORDER

Entitlement to service connection for a back disability is denied. 

____________________________________________
MICHAEL A. PAPPAS
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs